UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON W. MCLAIN,

    Petitioner,

v.                                                    Case No. 3:22cv5441-MCR-HTC

WILLIAM POWELL,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Petitioner, Brandon W. McLain, through counsel, filed a petition under 28 U.S.C. § 2254, challenging his conviction in the circuit court of Escambia County, Florida, for driving under the influence resulting in serious bodily injury. ECF Doc. 4. After considering the petition, the record, the state's response, ECF Doc. 14, and Petitioner's reply, ECF Doc. 16, the undersigned recommends the petition be DENIED without an evidentiary hearing.

I.    BACKGROUND

    A.    **Offense and Conviction**

On or about June 10, 2018, Petitioner was involved in a motor vehicle accident in Pensacola, Florida. ECF Doc. 4 at 17. Petitioner volunteered to Officer Hunter C. Dillashaw of the Pensacola Police Department that he was unable to brake in time to avoid hitting two motorcycles and an SUV. *Id.* Subsequent to the traffic

investigation, a DUI investigation commenced. *Id.* According to Officer Dillashaw, Petitioner had some indicators of driving while under the influence. Those indicators were the smell of alcohol, bloodshot and droopy eyes, slow and paused responses and poor balance. *Id.*

Petitioner agreed to perform requested field sobriety tests. *Id.* After those were performed and noting signs of impairment, Officer Dillashaw arrested Petitioner for driving under the influence resulting in serious bodily injuries. Petitioner was transported to the Escambia County Sheriff's Office where he submitted to a breathalyzer test. *Id.* at 18. His results were .181 and .186 g/210 L, over twice the legal limit. ECF Doc. 14-1 at 13. Subsequently, Petitioner was transported to Baptist Hospital for a medical clearance. At no time did the police ask medical personnel to draw blood from the Petitioner for alcohol testing.

Prior to trial, Petitioner moved to suppress the results of the breathalyzer test, arguing the machine was out of compliance. ECF Doc. 14-1 at 16-25 & 36. He also moved to suppress the breathalyzer results and dismiss the charges as a remedy for the state not requesting that a blood test be performed as required by Fla. Stat. § 316.1933(1)(a). *Id.* at 26. Both motions were denied from the bench after hearings. ECF Doc. 4 at 19. Rather than go to trial, Petitioner pled no contest. ECF Doc. 14-1 at 83. At sentencing, the court departed downward and sentenced Petitioner to 60 months' probation but directed – as special conditions of probation

– that he serve 11 months and 30 days in county jail followed by one year of house arrest. ECF Doc. 14-1 at 559-60.

### B. Postconviction History and Timeliness

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas relief must be filed within one year of certain trigger dates – the pertinent one here being one year from final judgment. 28 U.S.C. § 2244(d)(1)(A). Properly filed post-conviction motions, such as a motion under Florida Rule of Criminal Procedure 3.850, will toll the limitations period until the motion is fully resolved. *Id.* at § 2244(d)(2). As discussed below, the petition is timely filed.

Petitioner filed a direct appeal to the First District Court of Appeals ("First DCA"), which affirmed *per curiam* without a written opinion on April 29, 2021. *See* Case No. 1D19-4682, ECF Doc. 14-2 at 3, and ECF Doc. 14-5 at 3. Petitioner did not seek review in the U.S. or Florida Supreme Court. ECF Doc. 4 at 2-3. Therefore, his conviction became final 90 days later, on July 28, 2021. In the meantime, however, Petitioner filed a motion under Fla. R. Crim. P. 3.800(c) on July 6, 2021, asking for mercy in sentencing because of his excellent post-arrest conduct. ECF Doc. 4 at 5. The motion was denied in open court on December 15, 2021. He did not appeal, and, in fact, this application for postconviction relief is not appealable under Florida law, so the tolling of the AEDPA clock ended on December 15,

2021. Therefore, Petitioner had until December 15, 2022, to file his federal petition. Since Petitioner filed the instant case on April 29, 2022, it is timely.

## II. LEGAL STANDARDS

### A. The AEDPA

The AEDPA governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Under the AEDPA, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014). "Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.* A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

Case No. 3:22cv5441-MCR-HTC

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of Petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Also, factual determinations by the state courts are "presumed to be correct, and the petitioner can rebut this presumption only by clear and convincing evidence." *Harrell v. Butterworth,* 251 F.3d 926, 930-31 (11th Cir. 2001) (citing *Mincey v. Head,* 206 F.3d 1106, 1130 n.58 (11th Cir. 2000)). The presumption of correctness afforded factual findings extends to both trial and appellate state courts. 28 U.S.C. § 2254(e)(1); *Jennings v. Crosby*, 392 F. Supp. 2d 1312, 1318 (N.D. Fla. 2005), *aff'd sub nom. Jennings v. McDonough*, 490 F.3d 1230 (11th Cir. 2007).

Case No. 3:22cv5441-MCR-HTC

## III. DISCUSSION

### A. Ground One: Trial Court Error for Denying Motions to Suppress and to Dismiss Based on Lack of Request for Blood Sample

In Ground One, Petitioner contends the trial court committed reversible error when it did not grant his Motion to Dismiss and Second Motion to Suppress based on the arresting officers' alleged failure to follow Fla. Stat. § 316.1933(1)(a), which he contends requires the officers to compel a blood draw in every DUI Serious Bodily Injury case. Petitioner contends further that the correct remedy under Florida law in cases where the blood draw is not conducted is to suppress the evidence which the State would have otherwise relied upon – in this case, the breathalyzer test, the personal observations, and the field sobriety tests. As explained below, this Ground does not entitle Petitioner to relief because he failed to exhaust it as a federal claim in state court, he procedurally defaulted the claim under state law, and the claim presents only issues of state, not federal, law.[1]

### 1. Failure to Exhaust Federal Claim

A federal habeas petitioner must exhaust his claims in state court before presenting them in his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A);

---

[1] The State also argues Petitioner is not entitled to relief because non-dispositive issues, such as that raised by the motion to suppress, cannot be appealed when a defendant pleads no contest, absent certain limited circumstances which do not exist here. Petitioner argues he reserved the right to appeal the state court's denials of the motion to suppress and the motion to dismiss. Because the undersigned finds Ground One fails on other grounds, it is not necessary to address this dispute.

Case No. 3:22cv5441-MCR-HTC

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Moreover, the exhaustion requirement is not satisfied unless the petitioner fairly presents his claim in each appropriate state court and alerts that court to the *federal* nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (emphasis added).

Here, Petitioner did not exhaust this claim for relief because he did not raise the motion to dismiss argument *at all* on direct appeal and did not raise the motion to suppress argument as a federal claim. A petitioner can "indicate the federal basis for his claim" by citing the federal source of law in conjunction with the state law claim, citing a case deciding such a claim on federal grounds, or simply labeling the claim as "federal." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Petitioner, however, did not come close to meeting that standard in this case.

Instead, Petitioner raised the motion to suppress issue only as a state claim. In Issue I and II in Petitioner's initial brief on appeal, ECF Doc. 14-2, Petitioner argued the trial court committed reversible error under *Florida law* when it denied the motion to suppress. *Id.* at 14 & 20. Moreover, Petitioner relied only on Florida state statutes and case law and did not mention a violation of federal law, cite federal case law, constitutional provisions or statutes, or even mention "fundamental fairness" anywhere in the initial brief.

Case No. 3:22cv5441-MCR-HTC

Petitioner thus failed to fairly present Ground One as a federal claim in state court. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (stating that, to have been "fairly presented" to the state courts, a claim must be brought in such a way "that a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation") (quoting *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004)). Therefore, Ground One should be dismissed for failure to exhaust it.

### 2. Plaintiff Does Not Allege the Trial Court's Denial of His Motions Rendered the Proceeding Fundamentally Unfair

Even if Petitioner had exhausted Ground One, he would still not be entitled to relief because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Whether the breathalyzer results should be excluded is purely a matter of state evidentiary law. Likewise, whether a dismissal was necessary based on the failure of law enforcement to request a blood draw is based solely on an interpretation of state law. Namely, rejecting Petitioner's argument, the state trial court found that § 316.1933(1)(a), Fla. Stat., did not require the police to compel a blood draw in all cases or call for the exclusion of the breathalyzer results when the

police fail to secure a blood test. A state court's interpretation of state law or rules "provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). Instead, a federal habeas court is "severely restricted" in the review of state evidentiary rulings, and the evidentiary violation must constitute denial of a "fundamental fairness." *See Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (citations omitted).

"[F]ederal habeas courts do not review State evidentiary rulings unless the alleged error is of such magnitude as to render the proceeding fundamentally unfair." *Harrison v. Inch*, No. 3:18CV2100-RV/CAS, 2019 WL 2077858, at *5 (N.D. Fla. Apr. 4, 2019), *report and recommendation adopted*, 2019 WL 2076399 (N.D. Fla. May 10, 2019). Factors courts consider in determining whether admission of evidence renders a trial fundamentally unfair include whether "the evidence is close," the "manner in which the complained of evidence was presented," whether "the evidence was highly persuasive," whether the evidence "was used in closing argument," and "whether the defense was able to effectively counter" the evidence. *Perkins v. Dunn*, 2019 WL 4538737, at *33 (N.D. Ala. Sept. 19, 2019) (citing *Maurer v. Dep't of Corr.*, 32 F.3d 1286, 1289 (8th Cir. 1994)). None of those factors weigh in Petitioner's favor.

Case No. 3:22cv5441-MCR-HTC

The state court conducted an evidentiary hearing on the motions and denied them because the judge felt the issues raised by Petitioner in the motions went "to the weight, not the admissibility" of the evidence. ECF Doc. 14-1 at 273. The judge noted the officer testified (1) there was a massive accident; (2) the petitioner smelled of alcohol; (3) the petitioner was stumbling and appeared nervous; and (4) the petitioner did, in fact, provide positive samples when he performed the breath tests. *Id.* Also, even though defense expert, Matthew Malhoit, testified the breathalyzer machine's history raised concerns about its credibility, he also testified on cross-examination that there was no indication there was anything wrong with the machine when Petitioner was tested and could point to no policy that the agency examiner failed to comply with in certifying the machine. Given this evidence, the judge noted that the defense could argue to the jury everything involving the reliability of the breath machine and Petitioner's appearance performing the sobriety tests on the police video. *Id.* For those reasons, Petitioner cannot meet his burden of showing that the state court's failure to grant the motion to suppress rendered the trial fundamentally unfair.

    **B.**    **Ground Two: Trial Court Error for Imposing Combined Sentence of Imprisonment and Probation that Exceeded the Statutory Maximum Sentence**

In Ground Two, Petitioner argues the trial court committed fundamental error when it sentenced Petitioner to a total sentence of almost 12 months incarceration

Case No. 3:22cv5441-MCR-HTC

followed by 60 months' probationary supervision. He contends this effectively 72-month sentence exceeds the maximum for the crime of Driving Under the Influence Resulting in Serious Bodily Injury, which is a third-degree felony that allows a combined total of no more than 60 months incarceration and community supervision under Fla. Stat. § 948.012(5)(b).

As with Ground One, Petitioner did not cite federal cases, constitutional provisions or statutes when raising a similar argument in his appellate brief. ECF Doc. 14-2 at 23. Thus, for the same reasons given for Ground One, Petitioner has failed to exhaust this Ground as a federal claim in state court. Also, as with Ground One, Petitioner is simply asking for this Court to review a state court's interpretation of state law, which is not a basis for federal habeas relief. *See Carrizales*, 699 F.2d at 1055.

Finally, even if this Court were to consider this claim on the merits, Petitioner would not be entitled to relief.[2] The judge did not impose 12 months' imprisonment followed by 60 months' probation. Instead, he imposed 60 months' probation with the first 12 months served in county jail as a special condition of probation, and the second year to be served in house arrest or community control. At sentencing, the judge noted that the guidelines sentence was 21 months in state prison and the

---

[2] The Respondent also argues Petitioner failed to exhaust this ground for relief by raising it in a 3.800 motion. However, the undersigned finds it unnecessary to address that argument since the claim would not be procedurally defaulted.

Case No. 3:22cv5441-MCR-HTC

maximum sentence was 60 months. ECF Doc. 14-1 at 554. The judge then found a basis to depart *downward* due to Petitioner's lack of prior criminal history, his showing of remorse, and "evidence that the crime was unsophisticated in that he's been at the beach all day, maybe did not realize the level of his inebriation." *Id.* at 558-59.

The state court was careful to make clear that the total sentence was 60 months' probation, which included county jail time and house arrest – during the first two years of probation. The period of incarceration was not in addition to the probation. *Id.* at 559-60. Under Florida Statute § 948.03, a sentencing court may impose "a period of incarceration as a condition of probation" but "the period may not exceed 364 days, and incarceration shall be restricted to either a county facility, or a probation and restitution center under the jurisdiction of the Department of Corrections." Fla. Stat. § 948.03(2). Such a period of incarceration as a condition of probation is exactly what the judge did here; there was no error.

## IV.    CONCLUSION

### A.    Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v.*

*Landrigan,* 550 U.S. 465, 474 (2007). Additionally, this Court must consider the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 574.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "[B]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing 2254 Cases. If there is an objection to

Case No. 3:22cv5441-MCR-HTC

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

It is respectfully RECOMMENDED:

1. That the amended petition under 28 U.S.C. § 2254, challenging the conviction in *State v. McLain*, Escambia County, Florida, Case Number 2018 CF 3299, ECF Doc. 4, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of January, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.